# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID CALHOUN** | : | CIVIL ACTION |
| **Petitioner,** | : | |
| v. | : | NO. 09-1707 |
| **PENNSYLVANIA BOARD OF PROBATION AND PAROLE and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,** | : | |
| **Respondents.** | : | |

**DuBOIS, J.**                                                                              **July 26, 2010**

## **M E M O R A N D U M**

## I. INTRODUCTION

       Petitioner, David Calhoun, filed a petition for writ of habeas corpus on March 17, 2009 in the United States District Court for the Northern District of Ohio. The matter was transferred to this Court by order dated April 21, 2009. Thereafter, this Court granted Calhoun's motion to submit a modified petition and, on September 25, 2009, Calhoun filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("the Petition"). United States Magistrate Judge Lynne A. Sitarski submitted to the Court a Report and Recommendation dated March 23, 2010 ("R & R") in which she recommended that the Petition be dismissed. Calhoun filed Objections to Magistrate's Report and Recommendation on April 21, 2010 and Respondents filed a Brief in Opposition to Petitioner's Objections to Report and Recommendation on May 4, 2010.

       After reviewing the R & R, Calhouns's Objections, the government's Opposition and the

documents referenced in those submissions, the Court rules as follows: the analysis of the R & R that relates to Calhoun's Equal Protection Clause claims, his Confrontation Clause claims, and the claims that his Due Process rights were violated when the Pennsylvania Board of Probation and Parole ("the Board") exceeded its jurisdiction and when the burden of proof was shifted to him at his parole revocation hearing, is approved and adopted. The recommendation that these claims be denied is modified to provide that these claims are denied and dismissed and, as modified, is approved and adopted. Calhoun's Objections covering these claims are overruled. The parts of Calhoun's Objections arguing that his Due Process rights were violated when the Magistrate Judge denied his motion to strike the Declaration of Cynthia Daub are overruled.

The analysis of the R & R relating to Calhoun's claim that his Due Process rights were violated by the lack of evidence to support the revocation of his parole by the Board and by the Commonwealth Court's ruling affirming that decision is rejected. The Court concludes, for different reasons than those in the R & R, that these claims are without merit. After independent review of these claims, applying the deferential standard of review required by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the claim that petitioner's Due Process rights were violated by the revocation of his parole based on insufficient evidence is denied and dismissed for the reasons set forth below. Calhoun's objections on these issues are overruled as moot.

## II. BACKGROUND[1]

### A. Calhoun's Underlying State Conviction and Parole Violation

On June 11, 2002, following his conviction on two counts of possession of a controlled

---

[1] The facts of this case are set forth in detail in the Report and Recommendation. Accordingly, the Court recites only those facts necessary to rule on Calhoun's Objections.

substance with intent to deliver, Calhoun was sentenced to a term of three to six years imprisonment by the Honorable Carolyn Temin, a judge of the Court of Common Pleas of Philadelphia County. His term of imprisonment was calculated to end, at the earliest, on February 23, 2003 or, at the latest, on February 23, 2006. On August 11, 2003, the Board granted Calhoun parole. He was released from state custody on September 3, 2003.

On June 29, 2005[2], a federal grand jury returned an indictment charging that "[f]rom at least in or about July 2004 through on or about February 3, 2005" Calhoun conspired to knowingly and intentionally distribute, and possess with intent to distribute, more than five kilograms of cocaine. See Indictment at 1, United States v. Esteve et al., No. 05-363-MK-6 (E.D. Pa. June 29, 2005), ECF No. 1. That same indictment also charged that "on or about January 2, 2005" Calhoun knowingly and intentionally possessed with intent to distribute approximately 1,240 grams of a mixture or substance containing a detectable amount of cocaine. See id. at 23. Calhoun was found guilty of these crimes by a jury on April 21, 2006. See United States v. Esteve et al., No. 05-363-MK-6 (E.D. Pa. June 29, 2005), ECF No.265.

Following his conviction, the Board held a hearing on November 16, 2006 in which it considered whether to revoke Calhoun's parole. (See Transcript of Hearing, Parole No. 235-CC (Pa. Bd. of Prob. and Parole Nov. 16, 2006).) ("Tr.") Calhoun appeared pro se, with standby counsel from the Clearfield County Public Defender's Office. The only evidence presented at the hearing

---

[2] Page 13 of the R & R mistakenly identifies the date of federal indictment as June 29, 2006. This is obviously a typographic error. Elsewhere, the R & R correctly refers to the date of indictment as June 29, 2005. (R & R at 2, 7.) On this issue, the certified copy of the federal docket included in the record shows that an indictment was filed in the United States District Court for the Eastern District of Pennsylvania on June 29, 2005. See United States v. Esteve et al., No. 05-363-MK-6, (E.D. Pa. June 29, 2005), ECF No. 1.

to support the claim that Calhoun violated his probation was a certified copy of the federal criminal docket in the case in which Calhoun was convicted. (See Tr. 5-7). Based on this evidence, the Board determined that Calhoun was indicted on June 25, 2005 and convicted on April 21, 2006. The Board never found that Calhoun committed his crimes at a specific time. When Calhoun noted this problem at the hearing, Board Member Matthew Mangino stated that he should have raised this objection during the "evidentiary phase" of the proceeding and not at the "dispositional phase." (Tr.12.) Calhoun then consulted with his attorney and explained,

> Okay. Well, yes. I just wanted to preserve that I mentioned before about the there was no evidence presented that I actually was convicted for activities resulting from time when I was on parole. That's fine. We can move on then.

(Tr. 14.) Cindy Johnson, the Hearing Examiner, then noted for the record — during the "dispositional phase" of the proceeding — that Calhoun was arrested on June 29, 2005. (Tr. 14.) Calhoun responded, "Yes. That is – right. That's the arrest date. But the – yes, but that doesn't say when the actual activities of the crime were committed." (Tr. 14.) The transcript of the hearing shows that, although Calhoun did not object to the introduction or accuracy of the certified federal docket, he did object to the sufficiency of that evidence to support a finding that he violated his parole.

The Board found that Calhoun violated his parole and, in a notice mailed on January 8, 2007, stated that it was recommitting Calhoun as a convicted parole violator to serve thirty-six months of backtime.[3] It is that ruling that is at issue in this case.

---

[3] "Backtime" is the term used to refer to the remaining part of a judicially-imposed sentence which the Board directs a parolee to complete after finding that he has violated his parole. (R&R at 3 n.1.)

**B. Calhoun's Appeals**

Calhoun filed a petition to review the Board's decision in the Commonwealth Court of Pennsylvania. While his petition was pending, he filed a Motion to Exclude as Evidence the federal indictment filed on June 29, 2005 in the Eastern District of Pennsylvania. In a lengthy footnote, the Commonwealth Court explained its denial of the motion:

> The Board filed an Answer to the Motion on April 30, 2007 pointing out that the September 15, 2005 Detention Hearing Report shows that the Hearing Examiner relied in part on the Indictment, that Calhoun did not object at the November 16, 2006 revocation hearing to the admission of a certified copy of the criminal docket indicating that he was convicted of conspiracy to distribute cocaine; that the Board relied on the certified copy of the criminal docket and Calhoun's acknowledgment of his federal conviction; that the Indictment admitted during the detention hearing is part of the proceeding as contemplated by Scott v. Pennsylvania Board of Probation and Parole, 498 A.2d 31 (Pa. Cmwlth. 1985); and that hearsay evidence is admissible in a first level probable cause hearing such as the subject detention hearing. By per curiam order of April 30, 2007, this Court denied Calhoun's motion.

Calhoun v. Pennsylvania Bd. of Prob. and Parole, No. 306 C.D. 2007, 2 (Pa. Commw. Ct. Sept. 14, 2007.)

Relying on Commonwealth v. Devlin, 333 A.2d 888 (Pa. 1975), a case in which the Pennsylvania Supreme Court held that the failure to determine the date on which a crime was committed with reasonable certainty unconstitutionally denied defendant an adequate opportunity to defend, Calhoun argued that "the Board's failure to present any evidence at the revocation hearing of the date of the underlying federal offense denied him his constitutional right to due process of law." Calhoun, No. 306 C.D. 2007, 6. The Commonwealth Court rejected this argument:

> The Court is not persuaded that the Board's proof was insufficient. Certainly Devlin has no application to this case, which is not a criminal proceeding to determine guilt of original criminal charges. Calhoun already was convicted, and he has full notice of the offenses for which he was convicted, including the dates when the crimes were committed. The certified copy of the criminal docket does not on its face state the

dates, but it is the record of a conviction for specific crimes on specific dates and no others. The court has rejected Calhoun's motion to exclude the Indictment as evidence, and the Indictment, from its first paragraph alleges a conspiracy from about July 2004 through February 3, 2005. Calhoun never has asserted that the crimes for which he was convicted fell outside the period when he was on parole; his challenge is based solely on the fact that the criminal docket does not indicate the dates. Because Calhoun's crimes were committed during the period of his parole, the Court must affirm the Board's order.

Id. at 7.

Calhoun petitioned for an allowance of appeal in the Supreme Court of Pennsylvania, which was denied on July 16, 2008. He then filed a petition for writ of certiorari in the Supreme Court of the United States, which was likewise denied on October 28, 2008.

**C. Calhoun's Habeas Petition and his Objections to the Report and Recommendation**

After being transferred to this Court from the Northern District of Ohio, Calhoun's Petition was referred to Magistrate Judge Lynne A. Sitarski for a report and recommendation. Calhoun's Petition alleged:

1. The Commonwealth Court violated his due process, equal protection, and confrontation clause rights when it exceeded its jurisdiction by acting as a fact-finding body;

2. The Commonwealth Court violated his due process rights by shifting the burden to him to prove that he was innocent;

3. The Board lacked jurisdiction to revoke his parole without presenting evidence that he committed the underlying offense while on parole; and

4. The Board violated his due process, equal protection, and confrontation clause rights by not presenting evidence of the commission of the underlying federal offense.

(R & R at 4.)

The Magistrate Judge rejected each of these arguments and recommended that the Petition be dismissed. Addressing Calhoun's claims that the Board violated his Due Process rights by finding

him in violation of his parole using only the certified federal docket, not the indictment, and that the Commonwealth Court violated his Due Process rights by relying on the indictment for the first time on appeal, the Magistrate Judge rejected these claims. She agreed with the Commonwealth Court that, although the certified federal docket does not contain the dates on which Calhoun committed his crimes, "it is the record of a conviction for specific crimes on specific dates and no others." (R & R at 14 (quoting Calhoun, No. 306 C.D. 2007, 7.))

### III. STANDARD OF REVIEW

The Court's review of Calhoun's Petition is constrained by the deferential standard of review provided by AEDPA. If a state court has adjudicated a claim on the merits, this Court may grant habeas relief only if the state court's adjudication was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence in the State court proceeding." 28 U.S.C. § 2254(d).

The Court determines whether a law is "clearly established" by referring to the governing principle or principles set forth by the Supreme Court at the time the state court rendered its decision. See 28 U.S.C. § 2254(d); Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003). The date for determining "clearly established Federal law" is the date of the relevant state-court decision. Greene v. Palakovich, 606 F.3d 85, 99 (3d Cir. 2010).

A state court decision is "contrary to" clearly established federal law "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of the [Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent." Lockyer, 538

U.S. at 73. To constitute an "unreasonable application" of clearly established federal law, the start court decision must be more than incorrect or erroneous – it must be "objectively unreasonable." Id. at 75.

28 U.S.C. § 2254(d)(2) bars habeas relief unless a decision of the state court was based on an unreasonable determination of the facts, based on the totality of the evidence presented to that court. See Lambert v. Blackwell, 387 F.3d 210, 235-36 (3d Cir. 2004). Section 2254(e)(1) supplements this deference to broad determinations of fact by providing the standard of review for individual, specific, factual determinations. Id. It states that "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## IV. DISCUSSION

Calhoun's arguments attack the legal and factual bases of the state's decision recommitting him as a parole violator. He argues, first, that his Due Process rights have been violated in one of two alternative ways: the Board infringed his Due Process rights when it relied on the certified federal docket to find that Calhoun violated his parole and the Commonwealth Court infringed his Due Process rights when it relied on the federal indictment, which was not part of the revocation hearing record. Second, Calhoun argues that he is entitled to habeas relief because the state courts rendered their decision on an unreasonable determination of fact, namely the fact that he committed a crime during the period of his parole. Third, Calhoun contends that he has been denied Due Process because the Magistrate Judge denied his motion to strike the declaration of Cynthia Daub, attached as Exhibit A to the government's Answer to Petition for Writ of Habeas Corpus.

The Court addresses each of these arguments in turn and, for the reasons set forth below,

rejects them.[4]

**A. Calhoun's Claim that the State Court's use of the Federal Indictment Violates his Right to Due Process of law**

The Commonwealth Court addressed on the merits Calhoun's argument that his Due Process rights were violated when the Board relied only on a certified copy of the federal docket. Calhoun, No. 306 C.D. 2007, 5-6. In doing so, it relied on the federal indictment itself and concluded not only that there was no Due Process problem but that the Board did not err because the federal indictment clearly states that the crimes occurred during the time of Calhoun's parole. Id.

Because the Commonwealth Court addressed Calhoun's argument that the Board violated his Due Process rights on the merits, the Court's review of that decision is limited to determining whether it was "unreasonable." See 28 U.S.C. § 2254(d).[5] In determining whether it was unreasonable, the Court must necessarily consider Calhoun's argument that the Commonwealth Court's reliance on the federal indictment infringed his right to Due Process. The Court concludes that there was no Due Process violation and that the Commonwealth Court's decision was reasonable.

---

[4] The Court notes that even if the claims in Calhoun's habeas petition had merit, which they do not, any remedy would be fleeting. The Double Jeopardy Clause of the Fifth Amendment to the Constitution of the United States does not apply to parole revocation proceedings because those proceedings are administrative, rather than criminal, in nature. See Kyle v. Lindsay, No. 06-948, 2008 WL 4571871, at *3 (M.D. Pa. Oct. 10, 2008) ("The law is clear that the double jeopardy clause does not apply to parole revocation proceedings . . . ."). Thus, there would be no constitutional impediment to conducting a second parole revocation hearing correcting any deficiencies in the first.

[5] The R & R analyzed the procedures used by the Board at the revocation hearing and concluded that they comport with the requirements of Due Process as expounded in Morrissey v. Brewer, 408 U.S. 471 (1972). The Court approves and adopts this analysis and, to the extent that Calhoun's Objections can be construed to apply to this analysis, they are overruled.

Calhoun contends that the introduction of the indictment for the first time at the appellate level was a violation of state law. He is correct that the Commonwealth Court's review is limited, under state law, to the evidence contained in the record created at the revocation hearing. See Jones v. Pennsylvania Bd. of Prob. and Parole, 952 A.2d 710 (Pa. Commw. Ct. 2008); Grubbs v. Pennsylvania Bd. of Prob. and Parole, 481 A.2d 1390, 1391 (Pa. Commw. Ct. 1984) ("It should be well established by now that neither the Board in its decision making process, nor this Court in a review of that process, may consider matters not made a part of the record when counsel and the litigants are present."). The only evidence admitted at the revocation hearing was the certified federal docket, which identified Calhoun's date of indictment, June 29, 2005, and his date of conviction, April 21, 2006. In order to find Calhoun in violation of his parole, the Board had to find that he committed a crime during the period of his parole. See 61 Pa. C.S. § 6138 (replacing 61 P.S. § 331.21a); Adams v. Pennsylvania Bd. of Prob. and Parole, 855 A.2d 1121, 1124 n.6 (Pa. Commw. Ct. 2005). The date of indictment, alone, is insufficient, because the crime for which Calhoun was indicted could have been committed at any time before that date within the statute of limitations.[6] A record of conviction is evidence that Calhoun committed a crime, see Helvy v. Pennsylvania Bd. of Prob. and Parole, 526 A.2d 1261, 1262 (Pa. Commw. Ct. 1987), but is insufficient, without reference to the indictment, to show that Calhoun committed a crime during his parole. The Commonwealth Court corrected this deficiency by expanding the record and relying on the indictment, which charges that the crimes occurred between July 2004 and February 3, 2005.

The Court must first consider whether the action of the Commonwealth Court, in relying on

---

[6] The statute of limitations for Calhoun's crimes is five years. See 18 U.S.C. § 3282; United States v. Grimmett, 236 F.3d 452, 453 (3d Cir. 2001).

the indictment, which was not presented to the Board, is a violation of state or federal law and, if so, whether Calhoun is entitled to habeas relief. The Court concludes that this is a question of state, not federal, law and that any such violation does not entitle Calhoun to relief. The Commonwealth Court, citing Grubbs, addressed the issue and found no problem relying on the federal indictment to find that Calhoun committed a crime during the period of his parole. Assuming, *arguendo*, that the Commonwealth Court's analysis was in error, it was an error of state law that does not entitle Calhoun to federal habeas relief. See Pulley v. Harris, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."); Riley v. Taylor, 277 F.3d 261, 311 n.8 (3d Cir. 2001) (en banc).

In a related argument, Calhoun contends that the his rights under the Due Process Clause of the Fourteenth Amendment were infringed when the Commonwealth Court acted as a fact-finding body. This argument is rejected. Using a due process label to describe a state-law violation does not transform the violation into a federal claim. See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). There is no authority for the proposition that an appellate court violates a person's Due Process rights when it makes a finding of fact. Indeed, the few cases on the subject are to the contrary. Cf. Sumner v. Mata, 339 U.S. 539, 546-47 (1981) (noting that petitioner and respondent received notice and opportunity to be heard in an appellate court, which then made findings of fact, and that federal courts, under a previous version of 28 U.S.C. § 2254(d) were required to defer to findings of fact by appellate courts); Valero v. Bayer, No. 98-99033, 2000 WL 425016, at *4-*5 (9th Cir. Apr. 19, 2000) (rejecting argument that state supreme court's finding of fact was a violation of Due Process).

Finally, Calhoun argues that he lacked notice and an opportunity to be heard on this issue.

-11-

This argument is contradicted by the fact that Calhoun filed a motion to exclude the federal indictment as evidence and argued to the Commonwealth Court that his Due Process rights were violated when the Board found him in violation of his parole using only a certified copy of the federal docket as evidence. Calhoun had notice and opportunity to present his arguments to the Commonwealth Court.

The analysis of the R & R relating to Calhoun's claims that the Board infringed his Due Process rights by finding that he violated the terms of his parole while relying only on a certified copy of a federal docket and that the Commonwealth Court infringed his Due Process rights when it affirmed the Board after relying on the federal indictment is rejected. For the reasons set forth above, those claims are denied and dismissed. Calhoun's Objections covering these claims are overruled as moot.

### B. The Commonwealth Court's Factual Finding that Calhoun Violated his Parole

The indictment states that the crimes occurred between July 2004 and February 3, 2005, while Calhoun's parole occurred between the date of his release, September 3, 2003, and the date of his maximum sentence, February 23, 2006. The Commonwealth Court concluded that "[b]ecause Calhoun's crimes were committed during the period of his parole, the Court must affirm the Board's order." Calhoun, No. 306 C.D. 2007, 7. This is a finding of fact that the Court presumes to be correct. See 28 U.S.C. § 2254(e)(2); Rolan v. Vaughn, 445 F.3d 671, 679-80 (3d Cir. 2006) (finding error in district court's failure to defer to findings of fact by state appellate court). This presumption of correctness can only be overcome by clear and convincing evidence. See 28 U.S.C. § 2254(e)(2). Calhoun has not presented any evidence, let alone evidence that would rise to the level of clear and convincing. The Court concludes that the Commonwealth Court's factual determination that

Calhoun committed a crime between July 2004 and February 3, 2005, during the period of his parole and as stated in the federal indictment, is entitled to a presumption of correctness under AEDPA. See 2254(e)(1). Accordingly, based on the totality of the evidence presented to the state courts, the Commonwealth Court's finding that Calhoun violated his parole was reasonable and, under AEDPA, Calhoun is not entitled to habeas relief. See 28 U.S.C. § 2254(d)(2); Lambert, 387 F.3d at 235.

### C. Calhoun's Objection to the Daub Declaration

In her order denying the motion, Magistrate Judge Sitarski correctly referred to Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts, which provides that affidavits may be submitted to the Court and considered as part of the record. (Order, March 23, 2010, ECF No. 24.) Calhoun avers that admission of the declaration violated his Due Process rights. Specifically, he argues that court approval is required in order to "expand the record" and prevent abuse. (Pet'r's Objections to Magistrate's R & R at 13 (quoting Mayberry v. Petsock, 821 F.3d 179, 185 (3d Cir. 1987).) This objection is overruled because the Court granted the necessary approval: the Magistrate Judge, in ruling on the admissibility of the Daub Declaration, complied with Rule 7.

Calhoun misconstrues Mayberry. That case stands for the proposition that a district court has discretion to decide whether discovery is appropriate in a habeas case. The abuse the Mayberry court wished to prevent was the possibility of "imposing upon the state the burden of responding in discovery to every habeas petitioner who chooses to seek such discovery." Mayberry, 821 F.3d at 185. Mayberry does not support Calhoun's contention that the Magistrate Judge erred by allowing the Daub Declaration, nor does it support the notion that Calhoun's Due Process rights were violated. Indeed, to the extent that Calhoun's Due Process argument is based on a claim that he lacked notice

and the opportunity to be heard regarding the admission of the declaration, his argument is belied by the fact that he received a copy of the declaration and filed a motion to strike it from the record. (Pet'r's Mot. to Strike Dec. of Cynthia Daub, Jan. 14, 2010, ECF No. 22.)

## V. CONCLUSION

The analysis of the R & R that relates to Calhoun's Equal Protection Clause claims, his Confrontation Clause claims, and the claims that his Due Process rights were violated when the Board exceeded its jurisdiction and when the burden of proof was shifted to him at his parole revocation hearing, is approved and adopted. The recommendation of the R & R that these claims be dismissed is modified to provide that they are denied and dismissed and, as modified, is approved and adopted. Calhoun's Objections covering these claims are overruled. The parts of Calhoun's Objections arguing that his Due Process rights were violated when the Magistrate Judge denied his motion to strike the Declaration of Cynthia Daub are overruled.

The analysis of the R & R relating to Calhoun's claim that his Due Process rights were violated by the lack of evidence to support the revocation of his parole by the Board and by the Commonwealth Court's ruling affirming that decision is rejected. The Court concludes, for different reasons than those in the R & R, that these claims are without merit. For the reasons set forth above, they are denied and dismissed. Calhoun's objections on these issues are overruled as moot.