IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID CALHOUN** | : | CIVIL ACTION |
| **Petitioner,** | : | |
| v. | : | NO. 09-1707 |
| **PENNSYLVANIA BOARD OF PROBATION AND PAROLE and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,** | : | |
| **Respondents.** | : | |

## O R D E R

**AND NOW**, this 26th day of July 2010, upon consideration of David Calhoun's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Document No. 3, filed July 22, 2009), Answer to Petition for Writ of Habeas Corpus (Document No. 11, filed December 23, 2009) and after review of the Report and Recommendation of Magistrate Judge Lynne A. Sitarski dated March 23, 2010 (Document No. 23, filed March 23, 2010), Petitioner's Objections to Report and Recommendation (Document No. 28, filed April 21, 2010), Respondent's Brief in Opposition to Petitioner's Objections to Report and Recommendation (Document No. 29, filed May 4, 2010), Petitioner's Motion for Certificate of Appealability Under 28 U.S.C. § 2253 (Document No. 30, filed July 22, 2010), for the reasons set forth in the Memorandum dated July 26, 2010, **IT IS ORDERED** as follows:

1. Those parts of the Report and Recommendation of Magistrate Judge Lynne A. Sitarski dated March 23, 2010, relating to Petitioner's Equal Protection claims, his Confrontation Clause

claims, and the claims that his Due Process rights were violated when the Pennsylvania Board of Probation and Parole and the Commonwealth Court exceeded its jurisdiction and when the burden of proof was shifted to him at his parole revocation hearing before the Pennsylvania Board of Probation and Parole are modified to provide that those claims are denied and dismissed and, as modified, are **APPROVED AND ADOPTED**. Petitioner's Equal Protection claims, his Confrontation Clause claims, and the claims that his Due Process rights were violated when the Pennsylvania Board of Probation and Parole and the Commonwealth Court exceeded its jurisdiction and when the burden of proof was shifted to him at his parole revocation hearing before the Pennsylvania Board of Probation and Parole are **DENIED AND DISMISSED**. Petitioner's Objections to the parts of the Report and Recommendation of Magistrate Judge Lynne A. Sitarski dated March 23, 2010, covering these claims are **OVERRULED**;

    2. The analysis of the Report and Recommendation of Magistrate Judge Lynne A. Sitarski dated March 23, 2010 relating to Petitioner's claims that his Due Process rights were infringed by the Pennsylvania Board of Probation and Parole's ruling that he violated the terms of his probation and by the Commonwealth Court of Pennsylvania's decision affirming that ruling is **REJECTED**. Petitioner's claims that his Due Process rights were infringed by the Pennsylvania Board of Probation and Parole's ruling that he violated the terms of his probation and by the Commonwealth Court of Pennsylvania's decision affirming that ruling are **DENIED AND DISMISSED**. Petitioner's Objections to the Report and Recommendation of Magistrate Judge Lynne A. Sitarski dated March 23, 2010 relating to Petitioner's claims that his Due Process rights were infringed by the Pennsylvania Board of Probation and Parole's ruling that he violated the terms of his probation and by the Commonwealth Court of Pennsylvania's decision affirming that ruling are

**OVERRULED AS MOOT**.

3. Petitioner's Objections to Report and Recommendation of Magistrate Judge Lynne A. Sitarski dated March 23, 2010, relating to the argument that his Due Process rights were violated when the Magistrate Judge denied his motion to strike the declaration of Cynthia Daub are **OVERRULED**;

4. Petitioner's Objections to Report and Recommendation of Magistrate Judge Lynne A. Sitarski dated March 23, 2010, are **OVERRULED** in all other respects;

5. Petitioner's Motion for Certificate of Appealability Under 28 U.S.C. § 2253 is **DENIED**. A certificate of appealability will not issue because reasonable jurists would not debate whether the petition states a valid claim of the denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2). See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

                               **BY THE COURT:**

                               **/s/ Jan E. DuBois**
                                     **JAN E. DUBOIS, J.**